UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL JOSE BERMUDEZ,<br><br>　　　　　　　　　　Petitioner,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | CASE NO. 09cv1643 DMS<br>related to case no. 08cr1191<br><br>**ORDER DENYING**<br>**PETITIONER'S MOTION UNDER**<br>**28 U.S.C. § 2255** |

On April 2, 2008, Petitioner Angel Jose Bermudez ("Petitioner") and Co-defendant David Perez-Lemos were charged with three counts of transporting illegal aliens pursuant to 8 U.S.C. § 1324(a)(1)(A)(ii). The United States Attorney ("Respondent") offered Petitioner a Plea Agreement as part of the "Pre-Indictment Fast-Track Program." The Plea Agreement was subject to a "package" disposition term which required both Petitioner and co-defendant to accept the Plea Agreement in order to receive the benefits of the plea bargain.[1] Petitioner accepted the Plea Agreement, but co-defendant Perez-Lemos did not. On May 23, 2008, Petitioner entered an "open plea," thus pleading guilty to all counts without the benefit of a plea agreement.

Petitioner was sentenced on August 15, 2008, at which time he requested a two-level downward departure for his willingness to enter an early plea. The Court denied Petitioner's request

---

[1] "This plea agreement is part of a 'package' disposition. In order for [Petitioner] to receive the benefit of this agreement, [Co-defendant] also must plead guilty at the same time." (Plea Agreement at 2.) Paragraph 9 of the Plea Agreement contains similar language.

and sentenced him to 41 months in custody. Petitioner appealed his conviction and sentence, and the Ninth Circuit affirmed the judgment on March 26, 2009, concluding Petitioner's sentence complied with the United States Sentencing Guidelines, 18 U.S.C. § 3553(a), and the "totality of the circumstances." *See* Memorandum Disposition, filed May 26, 2009, No. 08-50366.

On July 27, 2009, Petitioner timely filed the subject motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts four grounds for relief in his Petition, all of which relate to the claim that the Court erred in failing to depart two levels for Petitioner's willingness to accept a package plea agreement and enter an early plea.

Petitioner essentially contends that the Court should have honored the spirit of the Plea Agreement by granting him a two-level downward departure for his willingness to enter an early plea. Petitioner argues the Plea Agreement is unfairly prejudicial because it prevented him from attaining the benefits of a plea bargain without his co-defendant's simultaneous guilty plea. Petitioner argues he fully satisfied his obligations under the Plea Agreement, and that Respondent should have honored the Plea Agreement regardless of the "package" disposition clause. Defendants, however, do not enjoy a constitutional right to plea bargain. *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Hence, "package disposition" plea agreements or "package-deal" plea bargains do not infringe upon the rights of a defendant. *United States v. Wheat*, 813 F.2d 1399, 1405 (9th Cir. 1987). "While the 'package deal' did limit [Petitioner's] ability to obtain a plea bargain (since the other defendant[] would also be required to plead guilty), the fact remains that there is no constitutional right to plea bargain ...." *United States v. Gonzalez-Vazquez*, 219 F.3d 37, 43 (9th Cir. 2000). The record demonstrates that this Court's refusal to grant Petitioner's request for downward departure – as the "package disposition" Plea Agreement was not satisfied – was neither unfair nor unreasonable under the circumstances. The record further demonstrates that Petitioner knowingly and voluntarily pled guilty without a plea agreement, understanding that sentence would be imposed in the discretion of the Court, up to the statutory maximum. Petitioner's motion is therefore denied.

**IT IS SO ORDERED.**

DATED: November 18, 2009

HON. DANA M. SABRAW
United States District Judge